**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1402**

———————

C.D., JR.; AMBER REEL,

        Plaintiffs - Appellants,

      v.

STEPHEN THOMAS DESCANO, JR., in his individual capacity, as Attorney for the Commonwealth for Fairfax County, Virginia,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:22-cv-01325-AJT-IDD)

———————

Submitted:  February 3, 2025                     Decided:  June 13, 2025

———————

Before NIEMEYER, GREGORY, and BENJAMIN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Rami Zahr, EIRENE LAW FIRM, PLLC, Vienna, Virginia, for Appellant. Alexander Francuzenko, Philip C. Krone, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

C.D., Jr., a minor, and his mother and next friend, Amber Reel (collectively, "Plaintiffs"), appeal the district court's dismissal of their 42 U.S.C. § 1983 claims against Steve D. Descano, Commonwealth's Attorney for Fairfax County, Virginia, on the basis of absolute prosecutorial immunity.  Finding no error, we affirm.

We review the district court's dismissal order de novo, accepting as true all of Plaintiffs' factual allegations "and drawing all reasonable inferences in [their] favor." *Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018).  Prosecutors enjoy absolute immunity from damages liability under § 1983 when they act as advocates for the state in criminal judicial proceedings.  *Imbler v. Packtman*, 424 U.S. 409, 430-31 (1976).  This immunity "is not grounded in any special esteem for those who perform [prosecutorial] functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself."  *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (internal quotation marks omitted).  "The public trust of the prosecutor's office would suffer were the prosecutor to have in mind his own potential damages liability when making prosecutorial decisions—as he might well were he subject to § 1983 liability."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009) (internal quotation marks omitted); *see Imbler*, 424 U.S. at 423-28.

Because "absolute immunity safeguards the process, not the person," it "extends only to actions intimately associated with the judicial phase of the criminal process." *Annappareddy v. Pascale*, 996 F.3d 120, 138 (4th Cir. 2021) (internal quotation marks omitted).  In determining whether a challenged act satisfies this standard, we employ "a

2

functional approach, looking to the nature of the function performed, without regard to the identity of the actor who performed it." *Savage*, 896 F.3d at 268 (internal quotation marks omitted). "[W]e focus on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Id.* (internal quotation marks omitted). In doing so, we distinguish between advocative functions, which generally give rise to absolute immunity, and investigative or administrative functions, which generally do not. *See Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018). Even where a prosecutor performs "an ostensibly 'administrative' task," he is entitled to absolute immunity if the task is "'directly connected with the prosecutor's basic trial advocacy duties,' and 'require[s] legal knowledge and the exercise of related discretion.'" *Safar v. Tingle*, 859 F.3d 241, 249 (4th Cir. 2017) (quoting *Van de Kamp*, 555 U.S. at 346, 349). Ultimately, "[t]he official claiming absolute immunity bears the burden of showing that such immunity is justified for each function in question." *Id.* (alteration and internal quotation marks omitted).

We have reviewed the record and find no reversible error in the district court's application of absolute immunity. Plaintiffs allege that Descano's policy regarding criminal discovery harmed them by causing an assistant district attorney to commit discovery and plea bargaining errors during a particular criminal trial. To succeed on their claims, Plaintiffs were required to establish specific errors by an individual prosecutor in a specific criminal proceeding. *See Van de Kamp*, 555 U.S. at 344. Both of these alleged errors are "intimately associated with the judicial phase of the criminal process." *See, e.g.,*

3

*Annappareddy v. Pascale*, 996 F.3d 120, 140 (4th Cir. 2021) (evidentiary nondisclosures); *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981) (plea bargaining).

Developing discovery policies is not a purely administrative task, but instead "requires legal knowledge and the exercise of related discretion." *Id.*; *see id.* at 348-49. Moreover, entertaining Plaintiffs' challenge to Descano's discovery policies would require the court to make judgments about what discovery should have been disclosed and whether that information would have supported the defendant's conviction on more serious charges—matters also "intimately associated with the judicial phase of the criminal process." *See id.* at 348-49 (internal quotation marks omitted). Thus, we conclude that Plaintiffs' § 1983 claims are foreclosed by the Supreme Court's analysis in *Van de Kamp*.

Plaintiffs' reliance on statements made to the media by Descano and his office fares no better. As Plaintiffs assert, prosecutors do not enjoy absolute immunity for statements made to the media. *Buckley v. Fitzsimmons*, 509 U.S. 259, 277 (1993). But the media statements alleged in Plaintiffs' complaint do not form the actionable conduct on which Plaintiffs base their § 1983 claims. Even if those statements were to survive prosecutorial immunity, they do not independently support any of Plaintiffs' § 1983 claims.

Plaintiffs' remaining arguments against absolute immunity are unpersuasive. Plaintiffs focus heavily on their status as crime victims when distinguishing their claims from extant authority. But neither this court nor others have limited prosecutorial immunity to claims by criminal defendants challenging their convictions. *See, e.g.*, *Savage*, 896 F.3d at 270-73 (barring employment discrimination claims); *Ross Yordy Constr. Co. v. Naylor*, 55 F.3d 285, 287-88 (7th Cir. 1995) (barring action by crime victim);

4

*Williams v. Hartje*, 827 F.2d 1203, 1208-10 (8th Cir. 1987) (same); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248-49 (5th Cir. 1985) (per curiam) (same). Safeguards other than civil liability exist to "deter egregious prosecutorial misconduct," such as criminal sanctions to prosecutors for willful abuses and "the organized bar's development and enforcement of professional standards for prosecutors." *Safar*, 859 F.3d at 250 (alteration and internal quotation marks omitted); *see Malley v. Briggs*, 475 U.S. 335, 343 n.5 (1986); *Imbler*, 424 U.S. at 429. These safeguards also protect crime victims from prosecutorial abuses.

More fundamentally, "the immunity analysis focuses on the prosecutorial conduct in question, and not on the harm that the conduct may have caused." *Savage*, 896 F.3d at 272 (internal quotation marks omitted). Plaintiffs' allegations regarding their experiences and lack of remedy are troubling. But, although absolute prosecutorial immunity may "leave the 'genuinely wronged' without a remedy" against prosecutorial misconduct, "the importance of shielding prosecutorial decision-making from the influence of personal liability concerns . . . outweigh[s] that harm." *Id.* at 268 (quoting *Imbler*, 424 U.S. at 427).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*